IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00072-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

THE WATERSHED OF THE MIDDLE FORK OF THE SOUTH PLATTE RIVER, Park County, Colorado,
THE SOUTH PARK COALITION, a Non-Profit Corporation, and
RICHARD HAMILTON, Registered Agent of the South Park Coalition,

    Plaintiffs,

v.

ALMA PLACER MINE, and
JIM MURRAY, High Mountain Mining Company,

    Defendants.

## ORDER DIRECTING PLAINTIFFS TO CURE DEFICIENCIES

Plaintiffs have filed *pro se* a Complaint (ECF No. 1) pursuant to the citizen suit provision of the Clean Water Act (CWA), 33 U.S.C. § 1365.  The Complaint, which is signed only be Plaintiff Hamilton, asserts that Defendants have discharged pollutants into waters of the United States without a National Discharge Pollutant Elimination System Permit, in violation of § 301(a) of the CWA, 33 U.S.C. § 1311(a).  Plaintiff Hamilton has also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).

Plaintiffs, The Watershed of the Middle Fork of the South Platte River and the South Park Coalition, are artificial entities that can act only through agents.  Entities that can act only through agents, may not proceed *pro se* in the federal court.  *See Rowland*

*v. California Men's Colony,* 506 U.S. 194, 202 (1993) (stating that for "all artificial entities," the artificial entity "may appear in the federal courts only through licensed counsel"); *see also Harrison v. Wahatoyas,* LLC, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). Further, although 28 U.S.C. § 1654 provides "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," this provision does not allow unlicensed laypeople to represent anyone but themselves. *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Mr. Hamilton does not allege that he is an attorney at law, nor is he admitted to practice before this Court. Therefore, he cannot appear on behalf of the entity Plaintiffs in this action. Accordingly, The Watershed of the Middle Fork of the South Platte River and the South Park Coalition will be ordered to retain counsel or will be dismissed as parties to this action.

Furthermore, the entity Plaintiffs may not proceed under the federal the *in forma pauperis* statute, 28 U.S.C. § 1915. Only a natural person may qualify for *in forma pauperis* treatment. *Rowland*, 506 U.S. at 201-02. Therefore, the entity Plaintiffs will be directed to pay the full $400.00 filing fee or they will be dismissed as parties to this action. Accordingly, it is

ORDERED that Plaintiffs, The Watershed of the Middle Fork of the South Platte River and the South Park Coalition, shall retain counsel **within thirty (30) days from the date of this order** or the entity Plaintiffs will be dismissed as parties to this action.

It is

FURTHER ORDERED that Plaintiffs The Watershed of the Middle Fork of the South Platte River and the South Park Coalition shall pay the full $400.00 filing fee **within thirty (30) days from the date of this order** or the entity Plaintiffs will be dismissed as parties to this action.  It is

FURTHER ORDERED that, if the Plaintiffs fail to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Complaint and this action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED January 13, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge