**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0072-WJM-MEH

RICHARD G. HAMILTON,

    Plaintiff,

v.

HIGH MOUNTAIN MINING COMPANY, LLC,

    Defendant.

---

**ORDER ADOPTING JULY 29, 2015 RECOMMENDATION OF MAGISTRATE JUDGE DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

---

This matter is before the Court on United States Magistrate Judge Michael E. Hegarty's Recommendation dated July 29, 2015 ("Recommendation") (ECF No. 56), which recommended denying a motion for summary judgment filed by Plaintiff Richard G. Hamilton ("Plaintiff") (ECF No. 40), denying as moot a motion for summary judgment filed by Defendant High Mountain Mining Company, LLC ("Defendant") (ECF No. 42), and dismissing the case for this Court's lack of subject matter jurisdiction. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed a timely Objection to the Recommendation (ECF No. 57)[1], and Defendant filed a Response to the Objection (ECF No. 58). For the reasons set forth below, Plaintiff's Objection is overruled, the Recommendation is adopted,

---

[1] Plaintiff's Objection is titled "Petition for Reassessment," but it is, in substance, a Rule 72(b)(2) objection.

Plaintiff's motion for summary judgment is denied, Defendant's motion for summary judgment is denied as moot, and the case is dismissed for this Court's lack of subject matter jurisdiction.

## I.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the

Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendation.[2] (ECF No. 56 at 3–8.) Accordingly, the Court adopts and incorporates the factual background detailed in that Recommendation as if set forth herein. The following is an abridged recitation of the facts and procedural history.

Defendant is the owner and operator of the Alma Placer Mine, located along the Middle Fork of the South Platte River ("River") in Alma, Colorado. (ECF No. 44-1 ¶3.) In his complaint, Plaintiff states that his residence in Fairplay, Colorado is immediately along the same River. (ECF No. 29 at 4.) Plaintiff also alleges that he is employed directly alongside the River. (ECF No. 54 at 13.) On October 3, 2014, Defendant noticed a sediment discharge in the River near the Alma Placer Mine. (ECF No. 44-1 ¶9.) Plaintiff alleges that he too observed a sediment discharge in the River of at least six miles in length, reaching to the point of the River where Plaintiff resides. (ECF No. 39 at 11.) Defendant concedes that the discharge of sediment occurred due to the inadequacy of valves on Defandant's water line. (ECF No. 42 at 1; ECF No. 42-2 at 4.) On October 16, 2014, Defendant notified the Colorado Division of Reclamation, Mining and Safety that it had completed corrective actions intended to prevent future release of

---

[2] Although Plaintiff objects to certain portions of the Recommendation, these objections do not challenge specific portions of the Recommendation's "Findings of Fact." The Court finds no inconsistency between the facts as recited in the Recommendation and Plaintiff's allegations in his briefing. Accordingly, the Court accepts the facts as stated by the Magistrate Judge for purposes of this Order.

sediment. (ECF No. 44-1 at 15–16.) On October 27, 2014, Plaintiff issued a "Notice of Intent" to the Alma Placer Company, stating that he intended to file a citizen suit against the company for a violation of the Clean Water Act which "prohibits the discharge of pollutants into waters of the United Stated except when authorized by a National Pollution Discharge Elimination System permit." (ECF No. 32-2 at 2–3.) Defendant does not have a National Pollutant Discharge Elimination System permit. (ECF No. 44-1 ¶8.)

Plaintiff filed his initial Complaint on January 12, 2015, a First Amended Complaint on February 2, 2015, and a Second Amended Complaint on April 6, 2015. (*See* ECF Nos. 1, 10, 39.) Plaintiff's Second Amended Complaint is a *pro se* citizen suit alleging that Defendant violated the Clean Water Act by improperly releasing pollutants into the River. (*See* ECF No. 39.) Plaintiff and Defendant each filed motions for summary judgment. (*See* ECF Nos. 40, 42.) Magistrate Judge Hegarty reviewed these competing motions for summary judgment and issued his Recommendation. (*See* ECF No. 56.)

In Plaintiff's Objection to the Recommendation, he alleges new facts which are relevant to this Order. (ECF No. 56 at 44.) These allegations were not available to the Magistrate Judge at the time of the Recommendation. Plaintiff now alleges that he is employed at a "residence hotel" at the same address as his residence, and has been employed at this location for 15 years. (*Id.*) Plaintiff alleges that the economies of the Park County localities of Fairplay and South Park, Colorado are "inexorably linked to adventure tourism, and to culture-based appreciation, of the region . . . ." (*Id.*) Plaintiff contends that the nature of his employment ties his well-being to the region's tourism

and recreation-based economy, which is dependent on the natural features of Park County, including the River.  (*See id.*)

### III.  ANALYSIS

Magistrate Judge Hegarty's Recommendation denies both motions for summary judgment and dismisses Plaintiff's claim.  (ECF No. 56 at 1.)  In doing so, the Magistrate Judge does not analyze the merits of Plaintiff's claim, namely, whether or not Defendant violated the Clean Water Act.  (*See id.*)  Instead, the Magistrate Judge bases the recommended dismissal on the Court's lack of subject matter jurisdiction.  (*Id.*)  According to Rule 12(h)(3), any time a court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  In this case, the Magistrate Judge finds that this Court lacks subject matter jurisdiction due to Plaintiff's lack of standing.  (ECF No. 56. at 13).  Standing is itself a question of the court's subject matter jurisdiction; if a plaintiff lacks standing, the court cannot have subject matter jurisdiction over his case. *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1225 (10th Cir. 2012) ("[A] dismissal for lack of standing can be at least colorably characterized as a dismissal for lack of subject matter jurisdiction.")*; see also Rector v. City & Cnty. of Denver*, 348 F.3d 935, 942 (10th Cir. 2003) ("Standing, however, raises jurisdictional questions . . . .").  Thus, the Court must dismiss the case if it finds that Plaintiff lacks standing.

Defendant does not raise the issue of standing in its motion for summary judgment but, rather, raises it in opposition to Plaintiff's motion.  (*See* ECF No. 46 at 4.)  Nevertheless, the Court is required to consider the issue of standing *"sua sponte* to ensure that there is an Article III case or controversy" before the Court.  *Rector*, 348

F.3d at 942.  In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992), the Supreme Court identified three elements that must be established in order to satisfy Article III's standing requirement.  A plaintiff bears the burden of establishing that (1) he has suffered an "injury-in-fact" which is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Id*. at 561.

When establishing the elements of standing, the amount of proof that a plaintiff must provide varies depending on the stage of litigation in which the parties find themselves.  *Id*.  In describing a plaintiff's burden at two distinct stages, the Supreme Court states:

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . .  In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.

*Id*; *see also Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1155 (10th Cir. 2006) (holding that where a court reviews standing *sua sponte* after reaching the summary judgment stage, the plaintiff bears the burden of setting forth specific facts by affidavit or other evidence).  Rule 56 defines which forms of evidence may be used to set forth facts at the summary judgment stage.  Fed. R. Civ. P. 56(c)(1).  This list includes affidavits, declarations and other statements made under oath.  (ECF No. 56 at 13 (citing Fed. R. Civ. P. 56(c)(1)).)

Based on the standards outlined above, the Magistrate Judge concluded that

Plaintiff had not adequately demonstrated an injury-in-fact.  (ECF No. 56 at 13.)  The Magistrate Judge found that Plaintiff's "failure to submit 'evidence' of his injury is fatal to his claim."  (*Id*. at 12.)  The Magistrate Judge determined that none of Plaintiff's allegations of injury-in-fact appear in a form that may be considered under Rule 56.  (*See id*. at 13.)  The Court agrees.

Plaintiff provides statements intended to establish an injury-in-fact; however, these statements are all in the form of allegations which appear in Plaintiff's Second Amended Complaint, the Objection, and other filings.  (*See, e.g.*, ECF Nos. 39, 54, 57.)  In his Second Amended Complaint, Plaintiff alleges an injury arose when he witnessed "a six mile long . . . plume of sediment in the River from the site of the discharge to [Plaintiff's] place of residence."  (ECF No. 39 at 11.)  Plaintiff also alleges an injury from witnessing "a reduction in the activities of aquatic invertebrates" in the River.  (*Id.*)  In his reply in support of his own motion for summary judgment, Plaintiff expands upon his contention of injury by noting that his "employment is directly alongside" the contaminated River.  (ECF No. 54 at 13.)  Lastly, in his Objection, Plaintiff again contends that he has demonstrated an adequate injury-in-fact for standing purposes.  (ECF No. 57 at 43.)  Plaintiff expands upon his alleged injury-in-fact by stating that he is employed at a residence hotel along the River.  (*Id.* at 44.)  Plaintiff argues that the injury to the River could impact the region's tourist economy, which would, in turn, affect Plaintiff's own well-being.  (*Id.*)

Plaintiff also provides abundant allegations and supporting documentation to demonstrate that a pollutant was released into the River.  (*See, e.g.*, ECF No. 39, ECF No. 39-3 at 2–13; ECF No. 39-5 at 3–8.)  Yet the injury to the River does not establish

an injury-in-fact to Plaintiff for standing purposes. *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000) ("The relevant showing for Article III standing is not injury to the environment but injury to the Plaintiff.").

Despite the number of allegations of injury presented by Plaintiff both before and after the Magistrate Judge made his Recommendation, none of these mere allegations are admissible evidence sufficient to establish standing under Rule 56. *See Defenders of Wildlife,* 504 U.S. at 561. Additionally, Plaintiff provides no affidavits supporting his assertion of injury-in-fact.[3] The Court notes that, a plaintiff's complaint itself may be treated as an affidavit for the purposes of Rule 56, if it meets two requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). First, the complaint must allege facts based on the plaintiff's personal knowledge. *Id.* Second, the complaint must be sworn under penalty of perjury. *Id.* Here, however, neither Plaintiff's Second Amended Complaint, nor his Objection, nor any other filings provided by Plaintiff were sworn

---

[3] Although Plaintiff did not provide sufficient evidence of his injury-in-fact, it is arguable that Plaintiff could demonstrate such an injury if his allegations were submitted in a proper evidentiary form. Specifically, the Court looks to two of Plaintiff's alleged injuries. First, Plaintiff allegedly observed a reduction in activities of aquatic invertebrates. *See, e.g.*, *Defenders of Wildlife,* 504 U.S. 555, 562–63 ("Of course, the desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for the purpose of standing."); *S. Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1155 (10th Cir. 2013) ("While generalized harm to the forest or the environment will not alone support standing, if that harm in fact affects the recreational or even the mere esthetic interests of the plaintiff, that will suffice."). Second, Plaintiff allegedly suffered injury as a result of his employment at the residence hotel. *See, e.g.*, *Friends of the Earth*, 528 U.S. 167 at 183–84 ("Here, injury in fact was adequately documented by the affidavits and testimony . . . asserting that Laidlaw's pollutant discharges . . . directly affected those affiants' . . . economic interests."); *but see, e.g.*, *WildEarth Guardians v. Pub. Serv. Co. Of Colo.*, 690 F.3d 1174, 1189 (10th Cir. 2012) (holding that a single conclusory allegation—that Plaintiffs "live, work, garden, and engage in outdoor recreation areas that would be affected by" pollution—is inadequate for standing). With elaboration, these two situations could arguably constitute an injury-in-fact. Regardless, the Court need not and will not reach such a determination at this time.

under penalty of perjury.  (*See* ECF Nos. 39, 40, 53, 54, 57.)  Therefore, Plaintiff provides no evidence of his injury-in-fact appropriate under Rule 56 for consideration at this stage of litigation.  The Magistrate Judge was correct to conclude that Plaintiff lacks standing and that the Court must dismiss the case for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to the Recommendation (ECF No. 57) is OVERRULED;
2. The Recommendation (ECF No. 56) is ADOPTED in its entirety;
3. Plaintiff's Motion for Summary Judgment (ECF No. 40) is DENIED;
4. Defendant's Motion for Summary Judgment (ECF No. 42) is DENIED AS MOOT; and
5. Plaintiff's claim against Defendant is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Dated this 12th day of November, 2015.

BY THE COURT:

William J. Martinez
United States District Judge